UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>RAVIJOT GILL, JR., *et al*.,<br><br>    Defendants. | Case No. 1:18-cv-00515-NONE-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 44) |

    This matter was reassigned to the undersigned on November 17, 2020.  (Doc. No. 34).[1] Pending before the Court, *inter alia*, is Plaintiff's motion to appoint counsel filed May 21, 2021. (Doc. No. 44).  Plaintiff Larry Williams Cortinas is currently incarcerated within a California state prison and is proceeding *pro se* on his civil rights complaint as screened.  (Doc. No. 17).  Plaintiff is proceeding *in forma pauperis*.  (Doc. No. 12).

    The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a

---

[1] Due to an internal anomaly in CMCEF, the pending motions were not reassigned to the undersigned until 08/23/2021.

civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181. The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff states that he requires appointment of counsel because the claims raised in the complaint are medical in nature and require the testimony of an expert. (Doc. No. 44 at 1). Plaintiff also claims that he has been suffering retaliation by prison staff for filing his federal complaint. (*Id.*). Plaintiff also makes unrelated claims regarding his medication, his hunger strike, and a request for telemedicine care.

Prison litigation often involves medical claims, and an extraordinary situation cannot be demonstrated through the "vicissitudes of prison life." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Further, although plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face. Challenges in litigating a case, such as the need for an expert witness, "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Finally, the Court does not find the issues are "so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993).

Plaintiff has capably filed motions and his complaint has plausibly stated a claim to survive screening and be served on Defendants. Plaintiff has not shown exceptional circumstances that warrant appointment of counsel at this stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

1  Accordingly, it is **ORDERED**:

2  Plaintiff's motion to appoint counsel (Doc. No. 44) is DENIED without prejudice.

4  Dated: ___August 23, 2021___

5  HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE