UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS CORTINAS,<br><br>        Plaintiff,<br><br>    v.<br><br>RAVIJOT GILL, JR., *et al.*,<br><br>        Defendants. | Case No.  1:18-cv-00515-NONE-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR CLERK'S ENTRY OF DEFAULT<br><br>(Doc. Nos. 24, 26) |

Pending before the Court are, *inter alia*, Plaintiff's requests for entry of default by the clerk against all Defendants filed on February 3 and 6, 2020, respectively. (Doc. Nos. 24, 26). The Court construes the motions to the Clerk of Court for entry of default under Federal Rule of Civil Procedure 55(a). Defendants opposed both motions. (Doc. Nos. 25, 27). Because the Court finds that the Clerk of Court properly withheld an entry of default, the Court denies Plaintiff's motions.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Larry Williams Cortinas, a state prisoner, initiated this action on April 10, 2018 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff is proceeding on his first amended complaint filed on June 29, 2019. (Doc. No. 17, FAC). On November 25, 2019, the former assigned magistrate judge screened Plaintiff's FAC and found that it stated cognizable claims of medical deliberate indifference against Defendants Gill, Lenoir,

McCabe, Rough, and Nguyen; a claim of retaliation against Rough; and an Equal Protection claim against McCabe, Rough, and Nguyen. (Doc. No. 18). Service was ordered on all Defendants under the Court's E-Service pilot program. (*Id*.). The service order stated: "A defendant who timely waives service need not serve an answer to the complaint until sixty days after the waiver of service of process was sent." (*Id*. at 3). Further, the order stated: "For any defendant who CDCR advises will be waiving service, the date CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent." (*Id*.).

On November 25, 2019, a summons was issued on all Defendants. (Doc. No. 19). On January 3, 2020, Defendants Gill, Lenoir, McCabe, and Rough submitted a notice of intent to waive E-Service and Defendant Nguyen submitted a notice of intent not to waive service. (Doc. Nos. 20, 21). On January 29, 2020, the waiver of service was returned executed as to Defendants Gill, Lenoir, McCabe, and Rough. (Doc. Nos. 22, 23). The docket reflects that an answer to the complaint by Defendants Gill, Lenoir, McCabe, and Rough was due March 3, 2020. (Doc. Nos. 22, 23). On March 2, 2020, Defendants Gill, Lenoir, McCabe, and Rough moved to dismiss the complaint, thereby responding to the complaint in a timely manner. (Doc. No. 28). On April 17, 2020, Defendant Nguyen joined in the Defendants' motion to dismiss. (Doc. No. 32). On April 21, 2020, the waiver of service was returned executed as to Defendant Nguyen. (Doc. No. 33). The docket reflects that Nguyen's answer to the complaint was due on April 20, 2020. (*Id*.). Because Nguyen joined in the other Defendants' motion to dismiss on April 17, 2020, his response to the complaint was timely. (Doc. No. 32).

## II. APPLICABLE LAW AND ANALYSIS

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing

and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a).

Here, a clerk's entry of default is not appropriate against any of the Defendants because no Defendant was delinquent in its duty to plead or otherwise defend.  As noted above, Defendants Gill, Lenoir, McCabe, and Rough had until March 3, 2020 to file a response to the complaint and these Defendants timely filed a motion to dismiss on March 2, 2020.  As to Defendant Nguyen, he had not yet been served at the time Plaintiff filed his motions for entry of default.  (*See* Doc. No. 33).  Moreover, Nguyen's response to the complaint was not due until April 20, 2020 and he timely joined in the other Defendants' motion to dismiss on April 17, 2020.  (Doc. No. 32).  The Court finds that the Clerk of Court properly withheld entry of default against the Defendants under Federal Rule of Civil Procedure 55(a).

Accordingly, it is hereby **ORDERED**:

The Clerk of Court properly withheld entry of default and Plaintiff's motions are DENIED.  (Doc. Nos. 24, 26).

Dated: ___August 27, 2021___  

_/s/ Helena M. Barch-Kuchta_
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE