UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAMS CORTINAS,<br><br>  Plaintiff,<br><br>  v.<br><br>RAVIJOT GILL, JR., *et al.*,<br><br>  Defendants. | Case No.  1:18-cv-00515-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 28) |

Before the Court is Defendants' motion to dismiss on March 2, 2020.[2]  (Doc. Nos. 28, 32). Plaintiff filed a response in opposition on March 9, 2020 and Defendants filed a reply on March 16, 2020.  (Doc. Nos. 30, 31).  For the reasons set forth below, the undersigned recommends that the Court grant Defendants' motion to dismiss and dismiss this action with prejudice.[3]

## I. BACKGROUND

**A. Procedural History**

Plaintiff Larry Williams Cortinas, a state prisoner, is proceeding on his first amended complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. No. 17).  On November 25, 2019, the former

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] On April 17, 2020, Defendant Nguyen joined in the other Defendants' motion to dismiss.  (Doc. No. 32).

[3] Although this matter was reassigned to the undersigned on November 17, 2020 (Doc. No. 34), the pending motions did not get reassigned until August 23, 2021.  (*See* Doc. No. 47).

assigned magistrate judge screened Plaintiff's first amended complaint and found that it stated cognizable claims of medical deliberate indifference against Defendants Gill, McCabe, Rouch, and Nguyen; a claim of retaliation against Rouch; and an Equal Protection claim against McCabe, Rouch, and Nguyen. (Doc. No. 18). The Court notes that the screening order inadvertently failed to affirm that Cortinas stated a claim of medical deliberate indifference against Lenoir. (*See* Doc. No. 18 at 1). However, the Court ordered service of the complaint on Lenoir. (*Id*. at 2). Out of an abundance of caution, the Court corrects its earlier inadvertence and deems that a claim of medical deliberate indifference proceeded against Lenoir at the screening stage.

On March 2, 2020, Defendants Gill, Lenoir, McCabe, and Rouch moved to dismiss the complaint. (Doc. No. 28). On March 9, 2020, Cortinas filed objections to the motion to dismiss. (Doc. No. 30). On March 16, 2020, Defendants Gill, Lenoir, McCabe, and Rouch filed a reply to Cortinas' objections. (Doc. No. 31).

**B. Allegations in the Complaint**

Cortinas states that he raises his claims under the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments. (Doc. No. 17 at 4). Cortinas' claims stem from the Defendants' failure to appropriately treat his pain over a multi-year period. (*Id*. at 4-7). In May 2015, Cortinas spoke with McCabe about his pain and inability to perform daily functions. (*Id*.). On March 21, 2016, McCabe stated that after Cortinas' neurosurgeon evaluation and completion of approved procedures, his case would be reviewed by the pain committee. (*Id*.). In May 2016, Cortinas was placed on 10 milligrams of methadone, an addictive opiate, three times a day. (*Id*.). Cortinas "wrote over 50 times" complaining about his pain, and these requests were ignored. (*Id*. at 4, 5). Cortinas' physician (name unknown) submitted several requests for a different non-addictive medication, baclofen, but McCabe denied these requests. (*Id*. at 4). Cortinas was not provided with therapy or any other treatment to address his pain. (*Id*.).

Cortinas claims that Defendants Rouch, McCabe, and Nguyen denied medical treatment to him because of his mental illness from April 2015 through 2017. (*Id*. at 5). McCabe states that Rouch commented, "what a mess a mentally ill Muslim wants to be treated humanely." (*Id*.).

McCabe alleges mentally ill prisoners would not be treated the same as other prisoners because they were told "it was all in their heads" and "pain was in a person's mind." (*Id*.).

On May 4, 2017, Defendant Gill attempted to obtain baclofen for Cortinas, but McCabe denied this request. (*Id*. at 4). The methadone was discontinued on May 5, 2017, when McCabe was served with Cortinas' previous § 1983 complaint in *Cortinas v. McCabe*, No. 1:16-cv-00558 (E.D. Cal. Apr. 10, 2018). In January and February 2018, Cortinas was provided epidural injections for his pain and his cysts were treated in May 2018. (*Id*. at 5). Surgery was scheduled for May 17, 2018 to remove Cortinas' cysts. (*Id*.). McCabe removed the medical hold on Cortinas and arranged for a transfer to another prison, which was an "override" of Cortinas' primary care physician. (*Id*.). Around December 31, 2018, McCabe examined Cortinas and ordered epidural injections and a soft cervical collar. (*Id*. at 4).

Cortinas lived in pain for three years due to the following ailments: cysts on various places on his body, cervical and lumbar disc degeneration, a bulging disc, and bone spurring on nerve endings. (*Id*. at 5). Cortinas states that Gill, Lenoir, Nyugen, and McCabe ignored the specialist's recommendation of baclofen for pain and failed to treat Cortinas over a three-year period, without specifying the exact timeframe of the three-year period. (*Id*. at 6). Cortinas states that he suffers from extreme pain 18 hours a day, is unable to perform daily activities, sleep, concentrate, do daily prayers, or go outside. (*Id*. at 4). As relief, Cortinas seeks various injunctive relief and $1,000,000 in punitive damages. (*Id*. at 7).

## II. APPLICABLE LAW

### A. Standard of Review

A motion filed under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

At this stage of the proceedings, the Court accepts the facts stated in the Complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The Court does not accept as true allegations that are merely conclusory or are based on unreasonable inferences or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor do legal conclusions qualify as facts. *Iqbal*, 556 U.S. at 678. Because plaintiff is *pro se*, the Court liberally construes the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). Further, a Court's finding that a complaint states a cognizable claim at screening under 28 U.S.C. § 1915A does not preclude the court from dismissing the complaint later for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Easley v. Pinnell*, 182 F.3d 924, n. 3 (9th Cir. 1999) (discussing in a footnote that the court's determination the complaint stated non-frivolous claims under § 1915A at screening did not prelude subsequent dismissal for failure to state a claim); *Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may still properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim).

In ruling on a motion to dismiss, the Court may consider only the complaint, any exhibits attached thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).

### III. ANALYSIS

**A. Defendants' Request for Judicial Notice**

At the outset, the Court must address Defendants' request for judicial notice. (Doc. No. 29 at 1-3). This Court may "judicially notice" facts and documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This encompasses other court proceedings "if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v.*

*Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

Defendants request the Court to take judicial notice of *Cortinas v. Beard*,[4] No. 15C0220 (Kings Cty. Sup. Ct. Mar. 22, 2016). In this case, filed August 21, 2015, Cortinas sued Olga Beregovskaya and Anthony Enenmoh, prison doctors, for medical malpractice. (Doc. No. 29 at 6-41). The Kings County case names different defendants than those in the instant case and most, if not all, of the allegations in the Kings County case took place before the incidents alleged in the instant case. Because the Court does not find this case relevant to the instant analysis, the Court declines to take judicial notice of the case.

Second, Defendants seek the Court to take judicial notice of *Cortinas v. McCabe*, No. 1:16-cv-00558 (E.D. Cal. Apr. 10, 2018) ("*McCabe*"). Defendants argue that Cortinas' pre-March 2018 claims are foreclosed by Cortinas' settlement agreement in *McCabe*. The Court must examine *McCabe* to determine whether Cortinas' claims in the instant petition are foreclosed by his prior settlement agreement. Further, the Court finds that the accuracy of the filings in *McCabe* are self-evident. Accordingly, the Court takes judicial notice of the docket and filings in *McCabe*.

**B. Defendants' Motion to Dismiss**

In their motion to dismiss, Defendants argue that the Court should dismiss this action because Cortinas' pre-March 2018 claims against McCabe were settled in *McCabe* and because Cortinas has failed to allege sufficient facts to state a plausible claim for relief against McCabe for his post-March 2018 claims and against Gill, Lenoir, Rouch, and Nguyen. (Doc. No. 28-1 at 1). Defendants further argue that if their motion to dismiss is denied, the Court should require Cortinas to pay all fees and costs Defendants incurred in defending *McCabe*.

**1. Allegations in *McCabe*, 1:16-cv-00558**

Plaintiff filed his initial complaint in *McCabe* on April 20, 2016. *See McCabe*, 1:16-cv-

---

[4] Defendants cite this case as *Cortinas v. Beard*. However, the Kings County Superior Court docket reflects the case as *Cortinas v. Beregovskaya*. *See Cortinas v. Beregovskaya*, No. 15C0220 (Kings Cty. Sup. Ct. Mar. 22, 2016).

5

1    00558, Doc. No. 1.  Plaintiff was ordered to file an amended complaint and Plaintiff proceeded on

2    his first amended complaint.  *McCabe*, 1:16-cv-00558, Doc. Nos. 10, 13.  In his first amended

3    complaint, Plaintiff alleged, in relevant part, that on or about March 25, 2015, a pain committee

4    of which McCabe and Lenoir were members intentionally stopped his pain medication due to

5    Cortinas' Islamic faith.  *McCabe*, 1:16-cv-00558, Doc. No. 13 at 5.  Cortinas alleged that in April

6    2015, Rouch stated "we do not treat Muslims.  What a mess a mentally ill Muslim who wants to

7    be treated humanely."  *Id*. at 5-6.  McCabe spoke with Cortinas, received multiple complaints

8    from Cortinas, and "signed off" on gabapentin and Tylenol #3 as medication for his pain.  *Id*.  In

9    June 2015, McCabe and Lenoir approved gabapentin to treat Cortinas' pain.  *Id*. at 8.  In February

10   and March 2016, Cortinas was prescribed methadone for pain upon the doctors' coming to

11   believe that Cortinas was no longer Muslim.  *Id*.

**2. Claims Barred by Prior Settlement Agreement**

13   "Two (or more) parties 'may negotiate a settlement of [a] dispute and . . . execute a

14   release of all claims.  The release acts as a simple contract between the two private parties[.]'"

15   *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 687 (9th Cir. 2019) (quoting *Grimes v.*

16   *Vitalink Commc'ns Corp*., 17 F.3d 1553, 1557 (3d Cir. 1994)).  "A release terminates legal

17   liability between the releasor and the releasee."  *Coleman v. Virga*, No. 2: 17-cv-0851 KJM KJN

18   P, 2021 U.S. Dist. LEXIS 5121, at *36 (E.D. Cal. Jan. 8, 2021).  "The settlement and release

19   become a 'final judgment . . . .'"  *Wojciechowski*, 923 F.3d at 690-91 (quoting *Grimes*, 17 F.3d at

20   1557)).  "Contract terms are to be given their ordinary meaning, and when the terms of a contract

21   are clear, the intent of the parties must be ascertained from the contract itself."  *Klamath Water*

22   *Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999), as amended on denial

23   of reh'g, 203 F.3d 1175 (9th Cir. 2000).  "An agreement need not specifically recite the

24   particular claims waived in order to be effective."  *Stroman v. West Coast Grocery Co*., 884 F.2d

25   458, 461 (9th Cir. 1989).

26   Cortinas signed the settlement agreement in *McCabe*, 1:16-cv-00558 on March 23, 2018

27   and the settlement agreement was fully executed on May 3, 2018.  (Doc. No. 29 at 83).  The

28   instant complaint was filed April 13, 2018.  Therefore, Cortinas filed the instant complaint

1    approximately two weeks after he signed the settlement agreement.

2    The language of the settlement agreement is expansive. The settlement agreement covers
3    "all of the claims and allegations in the Complaint *and any amendments* thereto against
4    Defendants, whether named or unnamed and whether served or unserved, and any past or current
5    employees." (*Id*. at 80) (emphasis added). The settlement agreement expressly released CDCR
6    and its employees, regardless of whether named or served in *McCabe*, "from all claims, past,
7    present and future, known or unknown, that arise or could arise *from the facts alleged in the*
8    *Complaint*." (Doc. No. 29 at 81) (emphasis added).

9    Cortinas argues that the settlement in *McCabe* only covers his use of force claim against a
10   correctional officer named Vogel. (Doc. No. 30 at 1). However, the plain language of the
11   settlement clearly contradicts Cortinas' contention. The settlement agreement covers all claims
12   raised in Cortinas' initial complaint and amendments. (Doc. No. 29 at 80).

13   Defendants argue that all claims arising from events prior to March 2018 are barred by the
14   settlement agreement and therefore should be dismissed. The Court agrees with Defendants and
15   will recommend these claims be dismissed. This includes Cortinas' claims against Rouch related
16   to her statement about Muslims and mental illness, the alleged denial of treatment by Rouch,
17   McCabe, and Gill due to Cortinas' mental illness, McCabe and Lenoir's choices in prescription
18   pain medication, and any other claims arising prior to March 23, 2018.

19   As for claims arising after March 23, 2018 in the instant complaint, it appears that most of
20   these claims are also barred from the settlement agreement. The settlement agreement expressly
21   released CDCR and its employees, regardless of whether named or served in *McCabe*, "from all
22   claims, past, present and future, known or unknown, that arise or could arise *from the facts*
23   *alleged in the Complaint*." (Doc. No. 29 at 81) (emphasis added). In both the *McCabe* complaint
24   and the instant complaint, the claims arise from the Defendants' failure to treat Cortinas' pain,
25   apparently related to his cervical and lumbar disc degeneration. (*Compare* Doc. No. 17 with
26   *McCabe* Doc. No. 13). In sum, both complaints center on Cortinas' disagreement with the
27   doctors' course of treatment for his pain. Although Cortinas did not name Gill, Rouch, or
28   Nguyen as Defendants in his complaint in *McCabe*, his settlement agreement released all CDCR

7

employees whether named or unnamed.

Also, as to events after March 23, 2018, Cortinas' settlement agreement released CDCR employees from future claims related to the facts alleged in the *McCabe* complaint. Therefore, Cortinas' claims in the instant suit arising from Defendants' choice of treatment for Cortinas' pain after March 23, 2018 are also barred from this suit. Namely, any claims Cortinas makes related to McCabe's December 31, 2018 treatment of Cortinas with epidural injections and a soft cervical collar are barred. (Doc. No. 17 at 4).

The only possible claim that may not be covered by the settlement agreement is Cortinas' claim related to the treatment of his cysts. (Doc. No. 17 at 5). Cortinas does not mention cysts in his *McCabe* complaint. However, the Court finds that this claim should be dismissed for failure to state a claim, as discussed *infra*.

### 3. Medical Deliberate Indifference Claims Related to Cortinas' Cysts

The Constitution requires that prisoners receive medical care, but the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The two-part test for deliberate indifference is as follows: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (internal quotation marks and citation omitted). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should

1 have been aware of the risk, but was not, then the [official] has not violated the Eighth
2 Amendment, no matter how severe the risk." *Gibson v. County of Washoe, Nevada*, 290 F.3d
3 1175, 1188 (9th Cir. 2002).  This "subjective approach" focuses only "on what a defendant's
4 mental attitude actually was." *Farmer*, 511 U.S. at 839.

5 Deliberate indifference is a higher standard than medical negligence or malpractice, and a
6 difference of opinion between medical professionals—or between a physician and the prisoner—
7 generally does not amount to deliberate indifference.  *See generally Estelle v. Gamble*, 429 U.S.
8 97, 107 (1976); *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d
9 330, 332 (9th Cir. 1996) (A mere "difference of medical opinion . . . [is] insufficient, as a matter
10 of law, to establish deliberate indifference.").  Where a claim involves choices between
11 alternative courses of treatment, a prisoner must show that the chosen course of treatment "was
12 medically unacceptable under the circumstances," and was chosen "in conscious disregard of an
13 excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332.  Alternatively, a plaintiff may
14 show that a defendant's response was deliberately indifferent by alleging that "the course of
15 treatment the [medical officials] chose was medically unacceptable under the circumstances and
16 that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's
17 health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

18 However, an "inadvertent failure to provide medical care" will not sustain a claim. *Id.* at
19 105.  Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123
20 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of
21 deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,
22 407 (9th Cir. 1985).  Plaintiff must show that a delay "would cause significant harm and that
23 Defendants should have known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th
24 Cir. 2002).

25 As discussed above, the Court finds that the only claims not barred by the *McCabe*
26 settlement agreement are claims related to Cortinas' cysts.  In the instant complaint, Cortinas
27 states that he had "cysts [sic] open sores upon his right leg, thigh, arm, neck, buttoux [sic]."
28 (Doc. No. 17 at 5).  In May 2018, Cortinas' cysts were treated with injections and he was

9

scheduled to have his cysts removed on May 17, 2018. (*Id*. at 5). It appears that McCabe "removed the medical hold"—apparently meaning that McCabe arranged to have Cortinas treated at a different facility.[5] (*Id*.). It is not clear whether Cortinas received outside treatment for his cysts or whether he received treatment for his cysts at his place of incarceration. However, Cortinas states that he was examined by McCabe on December 31, 2018.

Cortinas has failed to state a medical deliberate indifference claim. The facts alleged related to his cysts are sparse. Cortinas states that he suffered from the cysts for a three-year period, but does not state the dates of this period. Further, Cortinas states that he received treatment in the form of injections for his cysts in May 2018. Cortinas' claims related to McCabe's removal of the medical hold fail to state a claim. Cortinas does not provide any facts related to the removal of his medical hold that point to an injury he suffered as a result of the removal.

At most, Cortinas disagrees with the course of treatment the Defendants rendered. A difference of opinion between a medical professional and a prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. *See Hamby*, 821 F.3d at 1092 ("Eighth Amendment doctrine makes clear that '[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.'" (citation omitted)). Cortinas has not alleged any facts that any of the Defendants' course of treatment "was medically unacceptable under the circumstances," or was chosen "in conscious disregard of an excessive risk to [Reyes'] health." *Jackson*, 90 F.3d at 332. Further, there is nothing in the first amended complaint from which the Court can reasonably infer that any of the Defendants had the requisite subjective state of mind required for deliberate indifference. Accordingly, the undersigned finds

---

[5] According to CDCR's Health Care Department Operations Manual, a "medical hold" is "[a] transfer restriction placed on an individual patient when the patient requires medically necessary health care services, and it is medically prudent to provide these services at the California Department of Corrections and Rehabilitation institution where the patient is currently housed. A medical hold may be placed on a patient by health care staff at the licensure level of Registered Nurse or higher." *See* CDCR Health Care Department Operations Manual, available at https://cchcs.ca.gov/wp-content/uploads/sites/60/HC/HCDOM-Definitions.pdf, last accessed August 27, 2021.

Cortinas has failed to state a claim an Eighth Amendment claim against any of the named Defendants related to his cysts.

In sum, the bulk of Cortinas' claims are barred by his previous settlement agreement in *McCabe*. The remaining claims related to Cortinas' cysts fail to state a claim upon which relief may be granted.

Accordingly, it is **RECOMMENDED**:

1. Defendants' motion to dismiss (Doc. No. 28) be GRANTED.
2. This action be dismissed.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 31, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE